NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAISY REYNA, as an individual; MARIAH MONTES, as Guardian ad Litem for D.S. and Z.S., two minors, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES; et al., <br><br> Defendants-Appellees. | No. 20-55399 <br><br> D.C. No. 2:19-cv-02629-PA-MAA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 14, 2021[**]
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,[***] District
Judge.

Appellants Daisy Reyna, as an individual, and Mariah Montes, as guardian

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

ad litem for D.S. and Z.S. (collectively, "Plaintiffs"), appeal the summary judgment decision in favor of Defendants, social workers Michele Loya-Chhabra and Karen Vance. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court held that Defendants were entitled to qualified immunity on Plaintiffs' Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. Plaintiffs' claims were based on the violation of the established constitutional right of a parent and child to live together without government interference, *see Burke v. County of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009), through the temporary removal of D.S. (then four) and Z.S. (then two) from the family home from April 7, 2017 until April 12, 2017, and the alleged trauma to D.S. and Z.S. associated with being placed in a stranger's home for those six days.

The relevant facts are undisputed. On April 5, 2017, the Los Angeles Regional Human Trafficking Taskforce ("Taskforce") obtained an arrest warrant for Omar Sanchez, on charges of human trafficking, pimping and pandering, and rape. Sanchez is Reyna's husband and the father of D.S and Z.S. The Taskforce also obtained search warrants for Sanchez's office, including vehicles parked there, Sanchez's storage unit, and the family home. On April 7, 2017, officers went to Sanchez's office, and sometime after 3:15 A.M., saw him place a bag he took from the office into an SUV parked in front of the office. At approximately 4:25 A.M.,

a woman (later identified as Reyna) left the office and drove away in the SUV. Officers stopped the SUV pursuant to the office search warrant and detained Reyna. She volunteered that she had a loaded firearm in the backseat. Officers seized the gun, which was in a pink holster on the floor behind two child seats, arrested Reyna for carrying a loaded firearm in a vehicle, and transported Reyna to her home.

At approximately 5:00 A.M., Sanchez drove from his office, and officers arrested him after a traffic stop. They found a loaded firearm in a backpack on the rear passenger seat.[1] Officers then transported Sanchez to the Los Angeles County Sheriff's Norwalk Station and booked him for human trafficking. The Taskforce then executed the various search warrants. Officers found firearms, including five handguns and an illegal AR-15 style rifle, as well as ammunition, in Sanchez's storage unit. Officers found a shotgun/rifle, two handguns, ammunition, and marijuana while searching the family home.

Social worker Loya-Chhabra arrived at the Sanchez family home at 4:00 A.M., was briefed by Taskforce officers, and then interviewed Reyna. Loya-Chhabra asked Reyna who was watching her two small children, and Reyna said her mother-in-law and her aunt-in-law were visiting from out of town and looking after the children.

---

[1] Sanchez was a convicted felon.

Loya-Chhabra knew that Sanchez had been arrested, and after learning that Reyna would also be arrested, called her supervisor Vance, and told her what was going on. Vance and Loya-Chhabra took D.S. and Z.S. into temporary custody because of the lack of a caretaker and other factors, including the crimes for which Sanchez had been arrested (and what the social workers perceived as their nexus to child safety), Reyna's alleged connection to those crimes, and the evidence found in the home. The district court noted that the time it takes a social worker to obtain a warrant or removal order for a child varies from between six to eighteen hours, and when Defendants removed the children, they did not know when Reyna or Sanchez would be released from custody.

Loya-Chhabra asked Reyna for the names and contact information of anyone Loya-Chhabra could contact for the purpose of assessing temporary placement of the children pending the custody hearing. Reyna provided Loya-Chhabra with names and contact information for her mother, her mother-in-law, and her aunt-in-law. Loya-Chhabra decided that further investigation needed to be conducted on the relatives prior to any placement.

Reyna posted bail and was released later on April 7, 2017. Sanchez posted bail and was released on April 9, 2017. D.S. and Z.S. were placed in foster care from April 7 to April 12, 2017. On April 12, the California Dependency Court conducted a hearing, and ordered the children released to Reyna, but on the

4

condition that Sanchez not reside in the same home, among other restrictions.

Plaintiffs filed their claims under 42 U.S.C. § 1983, alleging that Loya-Chhabra and Vance violated the Plaintiffs' rights in their parent-child relationship under the Fourth and Fourteenth Amendments by taking custody of D.S. and Z.S and placing them in temporary foster care, without a warrant or removal order.[2] The district court granted summary judgment to Loya-Chhabra and Vance, holding that Plaintiffs' claims fail as a matter of law on both prongs of qualified immunity. First, the district court held that Defendants did not violate the Constitution: "[T]he fact that both Sanchez and Reyna were arrested during the early morning hours of April 7, 2017, meant that Loya-Chhabra faced a situation in which neither parent was available to care for a two-year-old and a four-year-old child. Those children therefore faced imminent danger of serious bodily injury in the time it would take to obtain a warrant." Second, the district court found that "except at the highest level of generality, there is no clearly established law that would put a reasonable government official on notice that removing the children without a warrant would, under the circumstances, violate Plaintiffs' constitutional rights."

On appeal, Plaintiffs argue that the district court erred in holding that there

---

[2] California Welfare & Institutions Code § 361(c)(1) authorizes the removal of children from the custody of parents or guardians where there is a "substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home."

was no constitutional violation. They contend that the arrest of Reyna and Sanchez did not create an imminent danger to the children, and that the presence of Reyna's mother-in-law and aunt-in-law in the home negated any exigency. They also contend that qualified immunity is inappropriate here because twenty years of precedent establish that children can be removed without a warrant or removal order only if they are at imminent risk of physical bodily injury, which they claim was not the case here. We reach only whether clearly established law would have put Loya-Chhabra and Vance on notice that their conduct under these circumstances would have violated Plaintiffs' Fourth and Fourteenth Amendment rights.[3] On this issue, we agree with the district court that no such law was clearly established.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (quotation marks and citation omitted). "Because the focus is on whether the

---

[3] In deciding whether a state official is entitled to qualified immunity, we ask: (1) whether the facts "taken in the light most favorable to the party asserting the injury show that the officers' conduct violated a constitutional right" and (2) whether "the right was clearly established at the time of the alleged violation." *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (quotation marks, alterations and citation omitted). We may consider the two questions in any order and need not decide both questions to resolve the case. *Id.*; *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam).

[official] had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam). "[C]learly established law should not be defined at a high level of generality"; rather, it "must be particularized to the facts of the case." *White*, 137 S. Ct. at 552 (quotation marks and citations omitted). This is particularly important in Fourth Amendment cases, where Supreme Court precedent requires that a plaintiff "identify a case where an [official] acting under similar circumstances" has been found to have violated that constitutional provision. *Id.*

Plaintiffs do not identify a sufficiently analogous case that would have put Loya-Chhabra and Vance on notice that their conduct was unconstitutional. Specifically, Plaintiffs cite no cases (from the Supreme Court or otherwise) that address an analogous situation to the one here where both parents were arrested for serious crimes and the social workers declined to leave the two very young children (ages two and four) in the custody of non-parental relatives. Plaintiffs point to no case law that addresses the constitutional impact of other adults being present in the home (including those identified as relatives). Here, Vance and Loya-Chhabra did not know how long the parents would remain in custody and knew nothing about the suitability of the adults mentioned by Reyna. Therefore, they temporarily removed the children until they could further investigate.

Plaintiffs cite two inapposite circuit court cases and one circuit court case decided after the removal to support their argument: (1) *Rogers v. County of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007), which addressed the removability of two children from their parents' custody while the parents were home, on account of allegations of neglect against the parents—specifically that they kept the child in a locked, disorderly, and maggot-infested room, *id.* at 1291, 1293; (2) *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101 (9th Cir. 2001), which dealt with the removability of a teenager from her mother's custody on account of sexual abuse allegations against her stepfather, *id.* at 1104–05; and (3) *Demaree v. Pederson*, 887 F.3d 870 (9th Cir. 2018) (per curiam), which was decided after the removal and thus its facts cannot be considered. These cases do not help Plaintiffs' argument. As the district court correctly held, Plaintiffs have failed to establish that "clearly established" law demonstrated that the conduct of Loya-Chhabra and Vance was unconstitutional.

**AFFIRMED**